ADA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | * | CRIM. NO. 22-CR-00052 |
| --- | --- | --- |
| | * | USAO NO. 20R00205 |
| v. | * | |
| | * | VIOLATION: 18 USC § 1014 |
| WILLIAM RAY NORRIS | * | |
| | * | |

## SUPERSEDING INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

### INTRODUCTION

At times material to this superseding information:

1. Town Country National Bank ("TCNB") was a financial institution within meaning of Title 18, United States Code, Section 20. TCNB is headquartered in Camden, Alabama.

2. HADDCO, LLC ("HADDCO") was a domestic limited liability company registered with the Alabama Secretary of State on January 21, 2011, organized by Danny Lee Beard, Jr., and states that it is organized for the purpose of buying, selling, servicing, and trading vehicles, equipment and other goods, and any other line of business as it shall deem necessary.

3. NORRIS had a personal banking and checking account at SmartBank, a commercial bank with branches in Alabama, Tennessee, and Florida.

### Count One
### False Statement to a Federally Insured Institution
### Title 18, United States Code, Section 1014

1

The allegations in paragraphs 1, 2, and 3 of this Superseding Information are realleged for Count One as though fully set forth herein.

On or about November 15, 2019, in the Southern District of Alabama, the defendant,

**WILLIAM RAY NORRIS,**

knowingly made a false statement for the purpose of influencing the action of TCNB, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a commercial loan application for seventy-five thousand dollars ($75,000) in loan number ending in x3274, and as a part of the loan the defendant signed a Promissory Note and Security Agreement certifying certain statements to include the purpose of the loan. The defendant attested that the purpose of the loan was to purchase rental equipment, when in truth and in fact, twenty-five thousand dollars ($25,000) of the funds were used for making payments on existing TCNB loans for **NORRIS** and **NORRIS's** wife.

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE NOTICE

The allegations in Counts One of this Superseding Information are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense set forth in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

If any of the property described above, because of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

SEAN P. COSTELLO
UNITED STATES ATTORNEY

*[signature]*

Sean P. Costello
United States Attorney

SEPTEMBER 2022